**Law Offices of Stephen Abraham**
Stephen E. Abraham, Esq. (State Bar No. 172054)
stephen@abraham-lawoffices.com
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorney for Defendants Winnie Soo Win Kho; Tricia Soo Chuen Kho

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Carmen John Perri**, an individual,<br><br>*Plaintiff,*<br><br>v.<br><br>**Attorney for Defendants Winnie Soo Win Kho**; **Tricia Soo Chuen Kho**; and Does 1-10, inclusive,<br><br>*Defendants*. | Case No. 2:19-cv-08465-CJC-E<br>**DEFENDANTS' ANSWER TO COMPLAINT**<br>Honorable Cormac J. Carney<br><br>United States Courthouse<br>350 W. 1st Street<br>Courtroom 7C<br>Los Angeles, CA 90012 |

Defendants, Winnie Soo Whin Kho and Tricia Soo Chuen Kho ("**Defendants**"), solely on their own behalf and for no other defendants, in answer to the Complaint of Plaintiff Carmen John Perri ("**Plaintiff**"), admit, allege, and deny as follows:

## ANSWER TO PLAINTIFF'S
## ALLEGATIONS RE PARTIES

1. Defendants state that the allegations of paragraph 1 of the Complaint constitute legal conclusions by Plaintiff, for which no response is required. To the extent a response is required, Defendants allege that they are without sufficient information or belief as to the matters set forth therein, and placing their denial on

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Answer                                              1
DEFENDANTS' ANSWER TO COMPLAINT

that basis, deny each and every allegation set forth therein.

2. In response to the allegations in paragraphs 2 and 3 of the Complaint, Defendants state on information and belief that they have an interest in the property located at 11618 South Street, Artesia, California 90701 and did so on or around September 8, 2019.

3. In response to the allegations in paragraph 4 of the Complaint, Defendants allege that they are without sufficient information or belief as to the matters set forth therein, and placing their denial on that basis, deny each and every allegation set forth therein.

## ANSWER TO PLAINTIFF'S ALLEGATIONS OF JURISDICTION AND VENUE

4. Defendants state that the allegations of paragraphs 5 through 7 of the Complaint constitute legal conclusions by Plaintiff, for which no response is required. To the extent a response is required, Defendants allege that they are without sufficient information or belief as to the matters set forth therein, and placing their denial on that basis, deny each and every allegation set forth therein.

## ANSWER TO PLAINTIFF'S FACTUAL ALLEGATIONS

5. In response to the allegations in paragraph 8 of the Complaint, Defendants allege that they are without sufficient information or belief as to the matters set forth therein, and placing their denial on that basis, deny each and every allegation set forth therein.

6. In response to the allegations in paragraph 9 of the Complaint, Defendants admits that portions of the business establishment are open to the public.

7. Defendants state that the allegations of paragraphs 10 through 25 of the Complaint constitute legal conclusions by Plaintiff, for which no response is required. To the extent a response is required, Defendants allege that they are without sufficient information or belief as to the matters set forth therein, and

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

Answer                    2
DEFENDANTS' ANSWER TO COMPLAINT

placing their denial on that basis, deny each and every allegation set forth therein.

## ANSWER TO PLAINTIFF'S CLAIMS

8. Defendants state that the allegations of paragraphs 26 through 31 of the Complaint constitute legal conclusions by Plaintiff, for which no response is required. To the extent a response is required, Defendants allege that they are without sufficient information or belief as to the matters set forth therein, and placing their denial on that basis, deny each and every allegation set forth therein.

9. Defendants state that the allegations of paragraphs 32 through 35 of the Complaint constitute legal conclusions by Plaintiff and furthermore relate to matters as to which the Court has declined to exercise jurisdiction, for which no response is required. To the extent a response is required, Defendants allege that they are without sufficient information or belief as to the matters set forth therein, and placing their denial on that basis, deny each and every allegation set forth therein.

## ANSWER TO PLAINTIFF'S DEMAND FOR RELIEF

10. The remaining allegations in the Complaint are merely prayers for relief requiring no response from Defendants. To the extent that any response by Defendants is required, Defendants deny that Plaintiff is entitled to any remedy or relief and denies that Plaintiff has suffered any injury or damage in this matter.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Defendants are informed and believe, and based thereon allege, that the Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE
### (Small Business)

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Answer   3
DEFENDANTS' ANSWER TO COMPLAINT

Defendants operate a small business as that term is used in Civil Code section 55.56.

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Defendants are informed and believe, and based thereon allege, that Plaintiff's claims are barred to the extent that they are based on visits to the subject facilities more than two years prior to the date the Complaint was filed. Cal. Civ. Proc. §335.1.

### FOURTH AFFIRMATIVE DEFENSE
### (Mootness)

The Complaint and each purported claim for injunctive relief alleged therein fail as against Defendants on the grounds that the conditions as to which there could be any legal obligation to make alterations do not or no longer exist and therefore the claims are moot.

### FIFTH AFFIRMATIVE DEFENSE
### (No Control)

The Complaint and each purported claim for injunctive relief alleged therein fail as against Defendants on the grounds that the conditions as to which there could be any legal obligation to make alterations is not owned or controlled by Defendants.

### SIXTH AFFIRMATIVE DEFENSE
### (Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the Maximum Extent Feasible)

Without conceding that Defendants made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by Defendants, if there were any, do not subject Defendants to liability because any "alterations" to the subject properties, including to the features alleged in the Complaint, were made to ensure that the facilities would be readily

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Answer 4
DEFENDANTS' ANSWER TO COMPLAINT

accessible to the maximum extent feasible. 28 C.F.R. § 36.402.

## SEVENTH AFFIRMATIVE DEFENSE

### (Reliance on Issuance of Building Permits)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part because local building authorities issued appropriate permits for the property at all times during which construction occurred, and Defendants had a right to rely on the issuance of the permits as establishing compliance with all applicable laws, regulations, orders, and approvals.

## EIGHTH AFFIRMATIVE DEFENSE

### (Readily Achievable)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part because Defendants have made and continue to make appropriate accessibility changes at the Property to the extent that such changes are "readily achievable." To the extent that Defendants have not made changes that Plaintiff contends should have been made, those changes are not required under applicable law and are not "readily achievable."

## NINTH AFFIRMATIVE DEFENSE

### (Defendants Provided Services Via Alternative Methods)

Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendants to liability because Defendants accommodated or were ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged barriers, such as, by personally assisting Plaintiff overcome/deal with any of the barriers alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Standing of Associated Persons)

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Answer 5

DEFENDANTS' ANSWER TO COMPLAINT

Defendants are informed and believe, and based thereon allege, that Plaintiff lacks standing to assert the Complaint, and each purported claim for relief alleged therein because Plaintiff cannot show such person suffered injury in fact.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing for Violations Not Encountered)

Defendants are informed and believe, and based thereon allege, that Plaintiff lacks standing to assert the Complaint, and each purported claim for relief alleged therein, as to any alleged disability access violations not encountered because Plaintiff cannot show injury in fact as to such violations.

### TWELFTH AFFIRMATIVE DEFENSE
### (Waiver)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part by the doctrine of waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Notice)

Defendants are informed and believe, and based thereon allege, that Plaintiff is barred from bringing his Complaint against Defendants because Defendants did not have actual or constructive notice of the purported conditions causing alleged injuries, losses, damages, or violations, and thusly the risk of injury, if any, to Plaintiff was not reasonably foreseeable.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Performance of Duties)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part because Defendants fully performed any and all statutory, and other duties owed to Plaintiff under applicable law.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

Answer                                6
DEFENDANTS' ANSWER TO COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Barriers)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred to the extent that Plaintiff did not encounter any barrier to access or usability at the property.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Reasonableness, Good Faith, and Non-Discrimination)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part because Defendants acted reasonably, honestly, in good faith, and in a non-discriminatory manner at all times based on all relevant facts and circumstances known by them at the time they so acted.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Discrimination)

Defendants are informed and believe, and based thereon allege, that the claim for relief alleged in the Complaint under California Civil Code Sections 51 et seq. is barred because Defendant' conduct is applicable alike to all persons.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Good Faith Barrier Removal)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred because Defendants have fulfilled their legal obligations by making and continuing to make good faith efforts to engage in readily achievable barrier removal.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Duty)

Defendants are informed and believe, and based thereon allege, that the Complaint and each purported claim for relief alleged therein are barred because

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Answer    7
DEFENDANTS' ANSWER TO COMPLAINT

Defendants did not owe and did not breach any legally cognizable duty to Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Not Authorized by Unruh Act)

Plaintiff is barred from obtaining relief under California Civil Code Sections 51, et seq. because nothing therein may be construed to require any construction, alternation, repair, structural or otherwise, or modification of any sort whatsoever, to any existing establishment, facility, building, improvement, or any other property.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Damage)

Defendants are informed and believe, and based thereon allege, that Plaintiff is not entitled to any damages because Plaintiff has not suffered any cognizable damage or other harm as a result of Defendants' acts or omissions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Adequate Legal Remedy)

Plaintiff is not entitled to any injunctive or equitable relief because Plaintiff has adequate legal remedies.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

Plaintiff is not entitled to any injunctive or equitable relief because Plaintiff has not and will not suffer irreparable harm or injury.

## RIGHT TO PLEAD ADDITIONAL AFFIRMATIVE DEFENSES

Defendants do not presently know all the facts and circumstances respecting Plaintiff's claims. Defendants reserve the right to amend this Answer should she later discover facts demonstrating the existence of additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, DEFENDANTS hereby pray for the following relief:

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

1. That Plaintiff takes nothing by reason of the Complaint and that Judgment be rendered in favor of Defendants;

2. That Defendants be awarded their attorneys' fees and the costs of suit incurred by it in this action; and

3. For such other and further relief as the Court deems just and proper.

Dated: November 12, 2019     LAW OFFICES OF STEPHEN ABRAHAM

By:    /s/ Stephen E. Abraham
      Stephen E. Abraham
      Attorney for Defendants

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Defendants Fantastic Café Studebaker, Inc. respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: November 12, 2019     LAW OFFICES OF STEPHEN ABRAHAM

By:    /s/ Stephen E. Abraham
      Stephen E. Abraham
      Attorney for Defendants

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Answer     9
DEFENDANTS' ANSWER TO COMPLAINT

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1592 Pegasus Street, Newport Beach, California 92660.

On November 12, 2019, I served the foregoing document described as: **DEFENDANTS' ANSWER TO COMPLAINT** thereon on all interested parties in this action as follows:

Joseph R. Manning, Jr., Esq.　　　　Representing Plaintiff
Michael J. Manning, Esq.
Craig G. Côté, Esq.
MANNING LAW, APC
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660

[x]　**e-Filing pursuant to Court order**

Executed on November 12, 2019, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

　　　　　　　　　　　　　　　　　　/s/ Stephen E. Abraham
　　　　　　　　　　　　　　　　　　Stephen E. Abraham

Answer

PROOF OF SERVICE